**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAVID ESCOBAR, JR,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENCE HOME LOANS, LLC,<br><br>and<br><br>AM COMMUNICATION LABS, INC.,<br><br>and<br><br>MORTGAGE PIPELINE LLC,<br><br>Defendants. | ) | Case No. ________________ |

## NOTICE OF REMOVAL

Defendant AM Communication Labs, Inc. ("AM Comm"), by counsel, hereby removes the above-captioned action, Case Number C-02-CV-25-3012, currently pending in the Circuit Court of Maryland for Anne Arundel County, to the United States District Court for the District of Maryland. Removal is based upon 28 U.S.C. §§ 1331, 1332, 1441, and 1446. As grounds for removal, AM Comm provides the following:

1. Plaintiff David Escobar, Jr. initially commenced this action against Defendant, Independence Home Loans, LLC ("IHL"), by filing a Complaint in the Circuit Court of Maryland for Anne Arundel County ("State Court Action"). The State Court Action was assigned Case Number C-02-CV-25-003012.

2. Specifically, Plaintiff alleged that he received unsolicited telemarketing calls in violation of the Maryland Telephone Consumer Protection Act, Md. Code Ann., Com. Law § 14-

3201 et seq. ("MTCPA"), the Maryland Telephone Solicitation Act, Md. Code Ann., Com. Law § 14-4502 et seq. ("MTSA"), and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301 et seq. ("MCPA").

3. On April 3, 2026, Plaintiff filed a Second Amended Complaint ("SAC"). Beyond the claims previously asserted, the SAC added claims under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and named two additional defendants, including AM Comm.[1]

4. While Plaintiff named AM Comm as a defendant in the SAC, he did not properly effectuate service, and AM Comm did not learn that it was added as a party to the State Court Action until September 1, 2026, when it received notice of the Court's Order of Default in the mail at its office in Washington State. *See* Motion to Vacate Default Order (filed September 10, 2026). AM Comm did not receive a copy of the SAC until September 3, 2026, after its counsel entered their appearance on the State Court docket and was able to receive a courtesy copy of the SAC from IHL's counsel.

5. The operative Complaint asserts claims under the TCPA, thereby giving rise to federal-question jurisdiction under 28 U.S.C. § 1331. The TAC alleges that AM Comm is jointly and severally liable for conduct underlying Plaintiff's TCPA claim, and Plaintiff's declaratory judgment claim against AM Comm is founded on alleged violations of the TCPA. *See, e.g.*, TAC ¶ 242 (alleging that "amcomlabs, Mortgage Pipeline and IHL are jointly and severally liable to Plaintiff" for alleged violations of the TCPA); *see also* TAC ¶ 264 ("An actual

---

[1] Plaintiff has since filed a Third Amended Complaint ("TAC"), dated September 5, 2026. The TAC is substantially similar to the SAC and, as Plaintiff alleges, "its amendments are confined to identifying which Defendant is alleged to have done what, and record on which each allegation rests." TAC at 1.

controversy exists between Plaintiff and Defendant amcomlabs regarding whether amcomlabs' telecommunications operations constitute unfair . . . and deceptive practices under Maryland and federal law."); TAC ¶ 265 ("Plaintiff seeks a judicial declaration that . . . (c) "Defendant amcomlabs made false and misleading sworn representations to the Federal Communications Commission ["FCC"] . . . (d) Defendant amcomlabs violated the terms and conditions of its FCC numbering authorization under 47 C.F.R. § 52.15(g)(3)(ii)(C) . . . (f) Defendant amcomlabs' Robocall Mitigation Plan, as filed with the FCC . . . constitutes a continuing violation of 47 C.F.R. § 64.6305."); TAC ¶ 266 ("A declaratory judgment against amcomlabs will . . . establish[] the willful and knowing nature of amcomlabs' violations relevant to treble damages under 47 U.S.C. § 227(c)(5)); 270 (providing that plaintiff seeks a declaratory judgment against all Defendants stating their conduct "constitutes a continuing pattern of violations of the federal [TCPA].").

6. Moreover, several of Plaintiff's state-law causes of action necessarily depend upon the resolution of substantial and disputed federal issues. *See, e.g.*, TAC ¶ 137 (plaintiff relying on alleged violations of 16 C.F.R. § 310.4 in Count III to establish that AM Comm's acts constituted abusive telemarketing practices for purposes of determining liability under a Maryland statute). Consequently, the Complaint presents multiple independent bases for federal-question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (providing that federal jurisdiction exists where a state-law claim necessarily raises a federal issue that is actually disputed and substantial).

7. The Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Plaintiff alleges that he resides in Anne Arundel County, Maryland. *See* TAC ¶ 1. Thus, he is a citizen of the State of Maryland for purposes of diversity jurisdiction. *See Ward v. Walker*, 725 F. Supp. 2d 506, 509 (D. Md. 2010) ("In determining citizenship, a person is a citizen of the state in which he is domiciled, meaning the state he considers his permanent home.") (citing *Gilbert v. David*, 235 U.S. 561, 569 (1914)).

9. Defendant IHL is an Arizona limited liability company. Its sole member, Matthew Katz, is a citizen of Arizona. Therefore, IHL is a citizen of Arizona for purposes of diversity jurisdiction. *See Real Time Medical Systems, Inc. v. PointClickCare Technologies, Inc.*, 131 F.4th 205, 220-21 n.6 ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]" (quoting *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)).

10. Defendant AM Comm is a Delaware corporation with its principal place of business in Washington State. *See* TAC ¶ 3; Defendant's Motion to Vacate Default Order, Exh. A ¶ 3. Thus, for purposes of diversity jurisdiction, AM Comm is a citizen of Delaware, where it is incorporated, and of Washington, where it is headquartered and maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

11. Defendant Mortgage Pipeline LLC ("Mortgage Pipeline") is a Florida limited liability company. Its sole member, Grant Maier, is a citizen of Florida. Therefore, Mortgage Pipeline is a citizen of Florida for purposes of diversity jurisdiction. *See Real Time Medical Systems*, 131 F.4th at 220 n.6.

12. The matter in controversy as alleged by Plaintiff exceeds $75,000, meeting the amount-in-controversy requirement set forth in 28 U.S.C. § 1332. *See* TAC at pg. 118 (seeking $994,000 in statutory damages).

13. Accordingly, removal to this Court is proper because this Court possesses jurisdiction over this action under both its federal-question jurisdiction, 28 U.S.C. § 1331, and its diversity jurisdiction, 28 U.S.C. § 1332.

14. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is being filed in this Court, which is the federal district court embracing the state court where the State Court Action was filed.

15. Removal is timely. Although AM Comm has yet to be properly served, it first received a copy of the SAC on September 3, 2026, via undersigned counsel, who received a courtesy copy from IHL's counsel after entering their appearance on the State Court docket . . . September 3, 2026, therefore, constitutes the first date on which AM Comm received a copy of the pleading from which it could ascertain the claims against it and the removability of this action. *See* 28 U.S.C § 1446(b)(1) (providing that a notice of removal shall be filed within 30 days after defendant's receipt of the pleading setting forth the claim for relief).[2] This Notice of Removal is being filed within thirty (30) days after AM Comm first received a copy of the SAC. *See* 28 U.S.C. § 1446(b).

16. Removal is also proper under 28 U.S.C. § 1446(b)(2). IHL, through counsel, advised undersigned counsel on September 11, 2026 that IHL consents to the removal of this action. Mortgage Pipeline LLC has not appeared in the State Court Action, and the docket in the State Court Action indicates that an Order of Default was entered against Mortgage Pipeline on August 12, 2026. Undersigned counsel, however, conferred with Mortgage Pipeline on September 14, 2026, via its sole member, Mr. Maier, who advised that Mortgage Pipeline does

[2] Plaintiff's service of the Complaint on SDAT is irrelevant when determining whether a notice of removal is timely filed because "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018).

not yet have counsel representing it in this matter, that neither he nor Mortgage Pipeline is aware of having been served in connection with the State Court action and does not believe it has been served, that he just learned in the past two days of the existence of Mr. Escobar's claims against Mortgage Pipeline and that Mr. Escobar had secured an Order of Default against it, and that Mortgage Pipeline consents to the removal of this action.

17. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

18. All other procedural requirements have been met.

a. Attached hereto as **Exhibit A** is a copy of the Notice of Filing of Notice of Removal that AM Comm will file with the Civil Clerk of the Circuit Court of Maryland for Anne Arundel County, which will be served upon Plaintiff.

b. True and legible copies of papers that AM Comm received, along with a copy of the docket, in the State Court Action have been filed hereto as **Exhibit B** per Local Rule 5 of the United States District Court for the District of Maryland.

**WHEREFORE**, this action should proceed in the United States District Court for the District of Maryland, as an action properly removed thereto.

Dated: September 14, 2026

Respectfully submitted,

AM Communication Labs, Inc.

By Counsel

/s/ *Joseph P. Bowser*
Joseph P. Bowser
ROTH JACKSON
1519 Summit Ave., Suite 102
Richmond, VA 23230
Phone: 804-441-8701
Fax: 804-441-8438
Email: jbowser@rothjackson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2026, I caused a copy of the foregoing Notice of Removal, Exhibit A, and Exhibit B (docket sheet only) to be served upon Plaintiff via email and first class mail; Independence Home Loans, LLC via email; and Mortgage Pipeline LLC via first class mail as follows:

David Escobar, Jr.
1628 Severn Run Ct.
Serven, MD
david.j.escobar2@gmail.com

Mortgage Pipeline LLC
c/o Grant Maier
3201 Griffin Road
Floor 3
Fort Lauderdale, FL 33312

Tamara B Goorevitz
Franklin & Prokopik P.C.
Two North Charles Street, Suite 600
Baltimore, MD 21201
tgoorevitz@fandpnet.com

Jordan S. Cohen
515 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
JCohen@widkersmith.com

/s/Joseph Bowseer
JOSEPH P. BOWSER