**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVID ESCOBAR, JR.,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT HOME LOANS, LLC;<br>AM COMMUNICATION LABS, INC., and<br>MORTGAGE PIPELINE, LLC,<br><br>Defendants. | CASE NO: 26-cv-03633-JKB |

**DEFENDANT MORTGAGE PIPELINE, LLC'S *UNOPPOSED* MOTION FOR EXTENSION OF TIME TO RESPOND TO OPERATIVE COMPLAINT**[1]

Defendant Mortgage Pipeline, LLC ("**MP**"), by and through the undersigned counsel, hereby requests a 14-day extension of time (through and including **October 5, 2026)** to file its response to Plaintiff David Escobar, Jr.'s Third Amended Complaint for Damages and Injunctive Relief ("**Complaint**"). This Motion is unopposed. Plaintiff has agreed to the relief sought herein.

In further support of this Motion, Defendant states the following:

1. Plaintiff commenced this lawsuit in the Circuit Court of Maryland, in Anne Arundel County (Case No. C-02-CV-25-2013) (the "**State Court Action**").

2. The Complaint asserts 22 causes of action against the three named defendants, all stemming from phone calls that Plaintiff purports to have received from or on behalf of the defendants. More specifically, Plaintiff asserts the following claims:

---

[1] By filing this Motion, Defendant Mortgage Pipeline, LLC does not intend to, and shall not be deemed to have waived any defenses, rights, remedies or arguments (including but not limited to dismissal arguments under Rule 12(b), Fed. R. Civ. P., Defendant's right to compel arbitration (as applicable), or Defendant's right to contest personal or subject matter jurisdiction), all of which are expressly reserved.

a. One cause of action under the Telephone Consumer Protection Act (Count 17);

b. Seven causes of action under the Maryland Telephone Consumer Protection Act (Counts 1-3, 8, 11-12, 15);

c. Five causes of action under the Maryland Telephone Solicitation Act (Counts 4-6, 13-14);

d. Three causes of action under the Maryland Consumer Protection Act (Counts 7, 9, 10);

e. One cause of action for Civil Conspiracy (Count 16);

f. Three Declaratory Judgment claims against each defendant (Counts 20-22);

g. A common law Intrusion Upon Seclusion claim (Count 18); and

h. A common law Intentional Infliction of Emotional Distress claim (Count 19).

3. The case was removed to this Court by co-defendant AM Communication Labs, Inc. on September 14, 2026. [ECF No. 1].

4. Prior to removal, Plaintiff filed three iterations of his Complaint in the State Court Action, most recently, the now-operative Third Amended Complaint on September 3, 2026.

5. Prior to removal, MP had not responded to the operative Complaint.[2]

6. Pursuant to Rule 81(c)(2), Fed. R. Civ. P., after removal, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of… (A) 21 days after receiving—through service or otherwise—a copy of the

[2] In the State Court Action, Plaintiff purported to have served MP with a copy of his initial complaint. However, MP did not receive it because it was sent to a prior business address at which MP was no longer operating. On August 12, 2016, a default was entered against MP in the State Court Action (without MP's knowledge because the paperwork was sent to an old address). Thereafter, Plaintiff filed his now-operative Third Amended Complaint in the State Court Action on September 3, 2026, *after* the entry of the default. No default was entered in the State Court Action against MP on the now-operative Third Amended Complaint. Nevertheless, to be clear, **Plaintiff has agreed** that MP may serve its response to the Third Amended Complaint in accordance with the extended deadline set forth herein rendering the issue of the default moot.

initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed."

7. Subsection (C) applies to MP, and thus, the deadline for MP to respond to the Complaint is Monday, September 21, 2026.

8. MP is in need of additional time to respond to the Complaint.

9. MP only found out about this lawsuit recently. MP quickly moved to retain counsel and retained the undersigned on September 19, 2026 – two days prior to the filing of this motion.

10. The initial complaint in the State Court Action was filed more than 9 months ago and the docket in the State Court Action is lengthy. Additionally, as forth above, the operative Complaint consists of 22 causes of action spread across a dense 125 pages of allegations, and another ~ 200 pages of exhibits.

11. Also, MP engaged undersigned counsel on September 19, 2026, a mere two days prior to the response deadline, which itself falls on the Jewish Holiday of Yom Kippur (observed by undersigned counsel).

12. Given the short timeframe, MP's counsel has not had the opportunity to investigate the factual underpinnings of this matter and develop defenses to the claims asserted.

13. Accordingly, MP requests a brief 14-day extension of the current deadline of September 21, 2026 to respond to the Complaint, through and including **<u>October 5, 2026</u>**.

14. Good cause exists for granting this Motion because allowing Defendant additional time to formulate its response to Plaintiff's Complaint will favor the general policy of facilitating a resolution on its merits and ensuring that all available defenses are properly placed before the Court in the response to the Complaint.

15. This request is made in good faith and not for any dilatory purpose.

16. The requested enlargement will not prejudice any party.

17. Plaintiff **agrees** to the relief sought herein.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order extending the time for Defendant to file its response to Plaintiff's Complaint by 14 days, through and including **October 5, 2026**.

Dated September 20, 2026.

Respectfully submitted,

By: /s/ Noam B. Fischman
Noam B. Fischman (D. Md. Bar No. 16311)
AKERMAN LLP
750 Ninth Street, N.W.
Suite 750
Washington DC, 20001
Phone: (202) 824-1725
Fax: (202) 393-5959
Noam.Fischman@akerman.com

- and -

Jeffrey B. Pertnoy (Florida Bar No. 91939)
Bryan P. West (Florida Bar No. 83526)
***Pro Hac Vice Forthcoming***
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095
jeffrey.pertnoy@akerman.com
bryan.west@akerman.com

*Attorneys for Defendant Mortgage Pipeline, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via CM/ECF on September 20, 2026.

By: /s/ Noam B. Fischman
Noam Fischman
(D. Md. Bar No. 16311)